UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| | ) M.J. No. 21-6770-MPK |
| v. | ) |
| | ) |
| PABLO ROSARIO PABLO a/k/a "Angel Ayala Roque" a/k/a "Cuco," | ) |
| | ) |
| | ) |
| Defendant. | ) |

**<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>**

I, Robert R. LeFebre, being duly sworn, depose and state as follows:

1. I am employed as a detective with the Lawrence Police Department, where I have worked since 1999. I currently am assigned as a Task Force Officer to Immigration and Customs Enforcement, Homeland Security Investigations ("HSI") and have been so assigned since November 2020. More specifically, I am assigned to the Organized Crime Drug Enforcement Task Force ("OCDETF"), which is a task force comprised of federal, state, and local law enforcement officers. I previously was assigned to the Drug Enforcement Administration ("DEA"), and in particular to Task Force 4 – Cross Borders Initiative, which is a task force incorporating federal, state, and local law enforcement officers, from 2010 to 2020. I am a graduate of the Lowell Police Academy. I currently am deputized as a Task Force Officer with HSI and DEA.

2. I am authorized to investigate violations of the laws of the United States, including violations of federal narcotics laws in Title 21 of the United States Code. I have received training regarding narcotics investigations while attending the police academy and have attended additional specialized training courses in furtherance of my past and current

assignments, including the Basic Narcotic Investigation course conducted and presented by the DEA training staff.

3. I have participated in all aspects of drug investigations, including physical surveillance, surveillance of undercover transactions, the introduction of undercover agents, the execution of search warrants, the effecting of arrests, debriefings of defendants, informants and witnesses who had personal knowledge regarding major narcotics trafficking organizations, and the court-authorized interception of communications. I have also reviewed taped conversations and telephone, financial, and drug records. Through my training and experience, I have become familiar with the manner in which illegal drugs are imported, transported, stored, and distributed, and the methods of payment for such drugs.

4. I submit this affidavit in support of a Criminal Complaint charging Pablo ROSARIO PABLO a/k/a "Angel Ayala Roque" a/k/a "Cuco" with violating Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute cocaine).

5. I am familiar with the facts and circumstances of this investigation from my own personal participation and from oral and written reports made to me by agents of HSI and other federal, state, and local law enforcement agencies. I have also reviewed information from a variety of additional sources, including court authorized interception of wire and electronic communications.

6. This affidavit is submitted for the limited purpose of establishing probable cause to believe that ROSARIO PABLO has committed the above offense. Accordingly, I have not included each and every fact known to me and other law enforcement officers involved in this investigation. I have set forth only the facts that I believe are needed to establish the requisite probable cause.

7.     Since approximately May 2020, other agents and I have been investigating the drug trafficking activities of a Lawrence-based drug trafficking organization believed to be distributing cocaine, fentanyl and/or heroin, and other drugs. Our investigation has included the use of physical surveillance, execution of search warrants for precise location information for telephones used by targets of the investigation, execution of tracking warrants authorizing the installation and use of GPS tracking devices on vehicles used by targets of the investigation, execution of search warrants for packages sent by or on behalf of some of the target subjects of the investigation, controlled purchases of powder and crack cocaine by a confidential source of information and an undercover law enforcement officer, telephone toll record analysis, execution of search warrants at residences of some of the target subjects, seizures of drugs and drug proceeds, and court-authorized interception of wire and electronic communications.

8.     In connection with that investigation, on December 14, 2021, I obtained a search warrant for 13 Granite Street, Apartment 1, Methuen, Massachusetts. *See* M.J. No. 21-6754-MPK. The affidavit submitted in support of the application for that search warrant (the "Search Warrant Affidavit") is hereby incorporated by reference.

9.     As set forth in the Search Warrant Affidavit, ROSARIO PABLO resides at 13 Granite Street, Apartment 1. During this investigation, ROSARIO PABLO was intercepted discussing drug distribution. In addition, ROSARIO PABLO's co-conspirators were intercepted discussing obtaining drugs from and leaving drugs at 13 Granite Street, Apartment 1.

10.    On December 15, 2021, at approximately 6:00 a.m., agents executed the search warrant for 13 Granite Street, Apartment 1. When agents made entry into the apartment, ROSARIO PABLO was standing in the living room area. A second male – identified as Jose Rodriguez – was walking out of one of the bedrooms of the apartment.

11. Agents located drugs in the kitchen of the apartment. Agents located a microwave unplugged on the floor of the kitchen. From inside the microwave, agents seized approximately one pound of marijuana and a tied-off plastic baggie containing a white powder substance that I believe, based on my training and experience, to be narcotics. From a hidden compartment behind the control panel of the microwave, agents seized assorted sized baggies of a white powder substance that field tested positive using a TruNarc device for cocaine. Agents also seized a baggie of a chunky white substance that field tested positive using a TruNarc device for cocaine base, which I know to be crack cocaine.

12. Also in the kitchen of the apartment, agents located a heat sealer, an unlabeled bottle of powder that I suspect to be cutting agent used to dilute drugs, a bottle of boric acid, which I know to be used as a cutting agent to dilute cocaine, a bullet blender, and a suspected drug ledger.

13. From the bedroom that Rodriguez was exiting, agents also seized a large hockey bag filled with marijuana. Rodriguez stated that he did not live in the apartment and was only staying there overnight. However, agents seized miscellaneous paperwork bearing his name and the address 13 Granite Street from the apartment.

14. Agents located two Puerto Rico identification cards in the name Angel Ayala bearing ROSARIO PABLO's photograph in the bedroom of the apartment that was not occupied by Rodriguez. Agents also located a Federal Bureau of Prisons identification in the name of Angel Ayala Roque bearing ROSARIO PABLO's photograph in the same bedroom. Agents also seized miscellaneous other paperwork in the name Ayala Roque from the apartment.

15. Based on my training and experience, possession of assorted sized baggies of cocaine and crack cocaine inside an after-market hidden compartment, along with possession of

drug distribution paraphernalia and a drug ledger, is consistent with possession with intent to distribute cocaine rather than with possession for personal use.

## Conclusion

16.     Based upon the foregoing, there is probable cause to believe that on December 15, 2021, Pablo ROSARIO PABLO did possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

/s/ Robert R. LeFebre
_____
Robert R. LeFebre
Task Force Officer
Homeland Security Investigations

Sworn to by telephone in accordance with Fed. R. Crim. Pr. 4.1 on December 15, 2021,

_____
HON. M. PAGE KELLEY
United States Magistrate Judge
District of Massachusetts